## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| THOMAS ERICKSON, | Civil No. 06-186 (JRT/RLE) |
| Plaintiff, | |
| v. | **ORDER ON REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| UNITED STATES POST OFFICE, and IONE SMISCHNEY, KALENE SCHULTZ, NATALIE SORVARI, MARILYN DOE, as postal employees, | |
| Defendants. | |

Thomas Erickson, 54277 Sheephead Road Northeast, Waskish, MN 56685, plaintiff *pro se*.

Joan D. Humes and Mary J. Madigan, Assistant United States Attorneys, **OFFICE OF THE UNITED STATES ATTORNEY**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendants.

Plaintiff Thomas Erickson commenced this action on January 10, 2006, seeking injunctive relief against the United States Post Office. Following a hearing, United States Magistrate Judge Raymond L. Erickson recommended dismissing plaintiff's action. Plaintiff filed an objection to the Magistrate Judge's Report and Recommendation of February 3, 2006. The Court has conducted a *de novo* review of plaintiff's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). For the following reasons, the Court adopts the Report and Recommendation.

## BACKGROUND

Plaintiff resides in a cabin on Sheephead Road, in Waskish, Minnesota. Mail delivery at that address is conducted by the United States Post Office in Kelliher, Minnesota, while the Post Office in Waskish maintains Post Office Boxes, which can be rented. The Waskish Post Office also provides "General Delivery" for transient postal patrons who qualify for that service. For some time, plaintiff's mail had either been delivered to a mailbox, which plaintiff mounted on a sign next to Sheephead Road in front of his residence, or had been retrieved by plaintiff from "General Delivery" at the Waskish Post Office.

In September 2005, during a review of the postal routes, Post Office agents determined that Sheephead Road was not a proper route for mail delivery, because the mail carrier would either have to traverse private property or "retrace" his or her mail route, which the Post Office avoids as a cost-saving measure. In addition, a change in the Postmaster at the Waskish Post Office resulted in new procedures, which were required by Postal Regulations. Consistent with the Postal Regulations, the new Postmaster would no longer allow postal patrons to designate their mail as "General Delivery" for a period in excess of thirty days.

Postal officials subsequently informed plaintiff that delivery along Sheephead Road was being discontinued because that was not a proper route, and delivery along that road had been in error. Postal officials also informed plaintiff that he could no longer retrieve his mail as "General Delivery" at the Waskish Post Office. Plaintiff was counseled to either rent a Post Office Box at the Waskish Post Office, at a cost of $26.00

per year, or move his mailbox to Eagle Nest Drive, which also adjoins plaintiff's residence, and which is approximately 100 feet from the back of his residence.

Plaintiff did not move his mailbox or rent a Post Office Box, and in December 2005, he was informed that if he did not rent a Post Office Box, or change the location of his mailbox to Eagle Nest Drive, then his mail would be returned to its sender. In response, plaintiff filed the instant lawsuit, styled as a "Petition for Injunction/Restraining Order," in which he seeks a Court Order directing the Post Office to either deliver his mail to his mailbox on Sheephead Road, or to continue to accept his mail via "General Delivery."

The Magistrate Judge recommended dismissing plaintiff's action for lack of subject matter jurisdiction. Plaintiff objects.

## ANALYSIS

Congress enacted the Postal Reorganization Act ("PRA") in 1970. *LeMay v. United States Postal Service*, 450 F.3d 797, 799 (8th Cir. 2006). The PRA created the modern Postal Service, and conferred upon federal district courts "original but not exclusive jurisdiction over all actions brought by or against the Postal Service," subject to certain exceptions. 39 U.S.C. §§ 401, 409(a). However, although the PRA gave district courts broad jurisdiction over Postal Service matters, Congress did not give them "exclusive jurisdiction" over its disputes. *LeMay*, 450 F.3d at 799. Rather, the jurisdiction conferred by sections 401 and 409 may be preempted when another, "precisely drawn, detailed statute" places jurisdiction elsewhere. *Id.* (citing *Goodin v.*

*United States Postal Inspection Service*, 444 F.3d 998, 1001 (8th Cir. 2006)).  With respect to claims regarding postal rates and services, the PRA provides postal customers with a remedy with the Postal Rate Commission:

> Interested parties who believe the Postal Service is charging rates which do not conform to the policies set out in this title or who believe that they are not receiving postal service in accordance with the policies of this title may lodge a complaint with the Postal Rate Commission in such form and in such manner as it may prescribe.

39 U.S.C. § 3662.  Based on the text of Section 3662, and the legislative history of the PRA, the Eighth Circuit in *LeMay* held that section 3662 provides the exclusive remedy for claims regarding postal rates and services, and thereby divests district courts of jurisdiction to hear such claims.  *LeMay*, 450 F.3d at 800-01 (citing, e.g., *Bovard v. United States Post Office*, 47 F.3d 1178, 1995 WL 74678 (10th Cir. 1995)); *Tedesco v. United States Postal Service*, 553 F. Supp. 1387, 1389 (W.D. Pa. 1983)).

The Court finds the Court of Appeals' analysis on this point to be persuasive and binding.  Here, plaintiff seeks an injunction to compel the Postal Service to continue delivering his mail to the mailbox on Sheephead Road, or to hold his mail for pick-up as "General Delivery."  Because plaintiff's claims relate to postal service, this Court lacks jurisdiction to consider them.[1]  Accordingly, the Court dismisses plaintiff's claims.

---

[1] Even if this Court had jurisdiction to consider plaintiff's claims, injunctive relief would be inappropriate, because plaintiff has made no showing of irreparable harm.  Although a total inability to receive mail could, in theory, result in irreparable harm, plaintiff has several reasonable alternatives to receive delivery of his mail.  In addition to moving his mailbox to Eagle Nest Drive or renting a Post Office Box, plaintiff was also informed that he could petition for a return of delivery of mail to Sheephead Road, or he could request an "e-box," which is available free for qualifying residents who are well removed from the mail delivery routes.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objection [Docket No. 21] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 10]. Accordingly, **IT IS HEREBY ORDERED** that plaintiff's Petition for Injunction/Restraining Order [Docket No. 1] is **DISMISSED with prejudice**.[2]

**LET JDUGMENT BE ENTERED ACCORDINGLY.**

DATED:   September 7, 2006               s/ John R. Tunheim
at Minneapolis, Minnesota.                     JOHN R. TUNHEIM
                                                                United States District Judge

---

[2] The Court finds that there is no possible basis for federal jurisdiction over this dispute and as a result, will dismiss the case with prejudice.